IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHICAGO INSURANCE COMPANY,

            Plaintiff,

Vs.

ALEXANDER J. PIRES, JR., CONLON, FRANTZ, PHELAN & PIRES, LLP, JIMMY KEITH LEE, SR., WILLIAM DENNY LEE, DALE R. LUCAS, ROBERT SAMUEL ("SAMMY") TANT, and D. KEITH PARRISH,

            Defendants.

Case No. 1:06CV01113 RCL

**AMENDED COMPLAINT**

## DECLARATORY JUDGMENT ACTION

Chicago Insurance Company ("Chicago") by and through its attorneys Caron, Constants & Wilson, 201 Route 17 North, Rutherford, New Jersey 07070, as and for their Amended Complaint against defendants Alexander J. Pires, Jr., Conlon, Frantz, Phelan & Pires, LLP, Jimmy Keith Lee, Sr., William Denny Lee, Dale R. Lucas, Robert Samuel ("Sammy") Tant, and D. Keith Parrish (hereinafter "defendants") alleges as follows:

### NATURE OF ACTION

1. This is a diversity action wherein plaintiff seeks a declaration of its rights and obligation under an insurance contract that was issued to the defendants, Alexander J. Pires, Jr. and Conlon, Frantz, Phelan & Pires, LLP.

### PARTIES

2. At all times relevant, plaintiff Chicago Insurance Company ("Chicago") was and still is a corporation organized under the laws of the State of Illinois with a principle place of business at 33 West Monroe Street, Chicago, Illinois 60603. Chicago is licensed to do business in the District of Columbia.

3. At all times relevant, upon information and belief, defendant Alexander J. Pires, Jr.

("Pires") is a resident of the District of Columbia.

4. At all times relevant, upon information and belief, defendant Conlon, Frantz, Phelan and Pires, LLP (the "Law Firm") is a limited liability partnership registered to do business in the District of Columbia with a principal place of business at 1818 N. Street, NW, Washington, D.C. 20036. Defendant Pires is a partner in the Law Firm and works in the District of Columbia.

5. At all times relevant, upon information and belief, defendant Jimmy Keith Lee, Sr. ("Jimmy Lee") is a resident at 1303 Richardson Road, Zebulan, Johnston County, North Carolina.

6. At all times relevant, upon information and belief, defendant William Denny Lee ("Denny Lee") is a resident at 10 Blackberry Road, Erwin, Harnett County, North Carolina.

7. At all times relevant, upon information and belief, defendant Dale R. Lucas ("Lucas") is a resident at 11477 NC-55 East, Dunn, Harnett County, North Carolina.

8. At all times relevant, upon information and belief, defendant Robert Samuel ("Sammy") Tant (hereinafter referred to as "Tant") is a resident at 8026 S. Halifax Road, Rocky Mount, Nash County, North Carolina.

9. At all times relevant, upon information and belief, defendant D. Keith Parrish ("Parrish") is a resident at 1326 County Line Road, Benson, Johnson County, North Carolina.

**JURISDICTION**

10. This court has original subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(2) inasmuch as there is a diversity of citizenship between plaintiff and defendants and upon information and belief the amount in controversy exceeds $75,000, exclusive of interests and costs.

11. Venue has been properly placed in the United States District Court for the District of Columbia pursuant to 28 U.S.C. §1391 inasmuch as the defendants Pires and the Law Firm, upon information and belief, reside in this district and have their principle place of business in this district.

## INTRODUCTION

12. This is an action for declaratory judgment pursuant to 28 U.S.C. §2201 et seq. and is brought inter alia under Rule 57 of the Federal Rules of Civil Procedure, to determine the respective rights and obligations of the parties pursuant to a certain insurance contract issued by Chicago to the defendants Pires and the Law Firm.

## FACTUAL ALLEGATIONS

13. On or about December 20, 2004, defendants Jimmy Lee, Denny Lee, Lucas and Tant (hereinafter referred to as the "Underlying Plaintiffs") instituted litigation against, inter alia, defendants Pires, the Law Firm and Parrish in the General Court of Justice, Superior Court Division, State of North Carolina, County of Johnston, Case No. 4CB 03623. A copy of the "Underlying Complaint" is attached as Exhibit A.

14. The Underlying Complaint alleges that defendants Pires and the Law Firm represented the Underlying Plaintiffs in a large-class action lawsuit against the American Tobacco Companies during which it is alleged that Pires and the Law Firm committed various acts of malpractice and defrauded the Underlying Plaintiffs. The Underlying Complaint contains five causes of action. The first count alleges breach of contract by defendants Pires and the Law Firm. The second, third and fourth counts allege fraud and constructive fraud by defendants Pires and the Law Firm. Count five of the Underlying Complaint alleges that Pires and the Law Firm committed various acts of malpractice.

15. The Underlying Complaint seeks, inter alia, double damages, punitive damages as well as a request "that Pires and the Law Firm be ordered to disgorge to plaintiffs their attorneys' fees from the lawsuit against the tobacco companies."

16. Upon information and belief, Pires and the Law Firm received $11 million in fees from the tobacco litigation.

17. Chicago issued a lawyer's professional liability insurance policy No. LB-3019663 to

the Law Firm for the policy period August 31, 2002 to August 31, 2003. The reporting period for claims was amended to cover the period August 31, 2003 to unlimited.

18. Chicago, inter alia, is providing a defense for the Underlying Complaint to Pires and the Law Firm subject to a reservation of rights.

19. The insurance policy issued by Chicago contains the following definition of damages:

> "**Damages**" means compensatory judgments, settlements or awards but does not include punitive or exemplary damages, sanctions, fines or penalties assessed against directly against any **Insured**, the return of fees or other consideration paid to the **Insured** or that portion of any award or judgment caused by the trebling or multiplication of actual damages under a federal or state law.

20. By letter dated April 20, 2006, Gregg E. McDougal of Kilpatrick Stockton, counsel for the Underlying Plaintiffs, made demand upon Chicago to settle the Underlying Complaint for $3.75 million. The Underlying Plaintiffs allege that their settlement demand represents "disgorgement of attorneys' fees to Mr. Pires and the Law Firm" as damages for the breach of their fiduciary duties to the Underlying Plaintiffs.

21. The defendants Pires and the Law Firm also contend that the disgorgement and/or return of fees is covered under the Chicago policy.

22. Because disgorgement of fees does not satisfy the definition of "damages" contained in the Chicago policy issued to defendants Pires and the Law Firm, Chicago owes no indemnity obligations to the defendants for the disgorgement/return of fees.

23. Upon information and belief, the trial of the Underlying Complaint is presently scheduled for August 2006.

24. Defendants Jimmy Lee, Denny Lee, Lucas and Tant as the Underlying Plaintiffs in the Underlying Complaint constitute interested parties with respect to the outcome of this declaratory judgment action in that they have taken a coverage position which is contrary to that asserted by Chicago.

25. Defendant Parrish is a defendant in the Underlying Complaint and may have an

interest in the outcome of this declaratory judgment action.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

26.     Chicago repeats and realleges each and every allegation contained in paragraphs 1 through 25 of the Amended Complaint as if set forth herein at length.

27.     Defendants Pires and the Law Firm have demanded that Chicago honor its contractual obligations under the insurance policy issued to them and provide coverage to them for any disgorgement of fees under the insurance policy.

28.     Contrary to the assertions of defendants Pires and the Law Firm, the disgorgement and/or return of fees does not satisfy the definition of "damages" under the insurance policies. Thus, Chicago has no obligation to indemnify defendants Pires and the Law Firm with respect to the return or disgorgement of any fees.

29.     Based upon the forgoing, there is an actual and justiciable controversy in a sum exceeding $75,000 as to the rights and obligations of the parties under the Chicago policy and Chicago is entitled to a declaration pursuant to 28 U.S.C. §2201 that Chicago is not obligated to indemnify defendants Pires and the Law Firm with respect to the claim brought against them by the Underlying Plaintiffs for the disgorgement and/or return of fees.

Wherefore, Chicago Insurance Company demands the following:

1.     A declaration that the Chicago policy issued to defendants Pires and the Law Firm provides no coverage for the claim of the Underlying Plaintiffs for the disgorgement and/or return of fees.

2. Award of costs, attorneys' fees and such other and further relief as the court may deem just and proper.

July 6, 2006

Respectfully submitted:

By: _____
Alfred C. Constants III, D.C. Bar #250092
CARON, CONSTANTS & WILSON
Attorneys for Plaintiff
Chicago Insurance Company
201 Route 17 North, 5th Floor
Rutherford, NJ 07070
(201) 507-3683